UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

GREGORY P. NESSELRODE,

        Plaintiff,

   v.

DEPARTMENT OF EDUCATION,

        Defendant.

Case No. C13-1271RSL

ORDER GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

---

This matter comes before the Court on defendant's "Cross Motion for Dismissal and/or Summary Judgment." Dkt. # 52. Defendant argues that the Court lacks subject matter jurisdiction to the extent plaintiff has asserted constitutional and fraud claims because the United States has not waived its sovereign immunity. Defendant also asserts that its garnishment of plaintiff's 2012 tax refund was authorized by statute, that plaintiff failed to exhaust administrative remedies, and that it is not required to consolidate loans it holds with those made by other lending entities (such as Colorado State University). Having reviewed the memoranda, declarations, and exhibits submitted by the parties (including plaintiff's supplemental authority, praecipe, and sur-reply),[1] the Court finds as follows:

---

[1] Plaintiff's request to strike defendant's reply memorandum and the attached exhibit (Dkt. # 64 at 2) is DENIED. His motion to amend the complaint (Dkt. # 62) will be considered separately.

ORDER GRANTING DEFENDANT'S CROSS
MOTION FOR SUMMARY JUDGMENT

**(1)  Violation of 20 U.S.C. § 1092c**

Although it is not entirely clear from the Amended Complaint (Dkt. # 22), it appears that plaintiff had a number of student loans outstanding and sought to consolidate them. Plaintiff does not offer any specific allegations or evidence regarding his various loans, the loan periods, any applications for consolidation, which loans were consolidated and when, or his payment history.  Defendant, however, has produced evidence showing that plaintiff obtained two consolidation loans from the Department of Education in September 2000 and that both loans are in default.[2]  Plaintiff asserts that he did not know these loans existed and that, if they do exist, it is because defendant violated 20 U.S.C. § 1092c.

Section 1092c requires that, "[t]o the extent practicable, and with the cooperation of the borrower, eligible lenders shall treat all loans made to a borrower . . . as one loan and shall submit one bill to the borrower for the repayment of all such loans for the monthly or other similar period of repayment."  The requirement that all like loans be treated as one applies only to loans made by a particular lender:  it does not require disparate and independent entities to coordinate their monthly statements or collection procedures.  "Congress expressly restricted the requirements of this statute to the limits of practicality and, thus, this section cannot be interpreted to require cooperation among multiple noteholders to treat all of their respective loans to an individual borrower as a single obligation." Halperin v. Reg'l Adjustment Bureau, Inc., 206 F.3d 1063, 1067 (11th Cir. 2000).  Plaintiff's § 1092c claim therefore fails on the merits, and he has not identified any other statute or authority that would compel a lender to coordinate its repayment processes with other lenders.

---

[2] Plaintiff objects to this evidence on the ground that he was not going to school in 2000 and would therefore have had no reason to take out additional student loans. Dkt. # 57 at 4-5.  The loans made by the Department of Education were a result of requests for consolidation, however, and were not the initial funding source for the underlying education.  The fact that plaintiff was not enrolled at the time does not make these consolidated loan fraudulent.

In addition, plaintiff cannot seek injunctive relief against the Secretary of the Department of Education based on alleged violations of § 1092c. See 20 U.S.C. § 1082(a)(2) ("no . . . injunction . . . shall be issued against the Secretary or property under the Secretary's control").[3]

### (2) Reports to Credit Reporting Agencies

Plaintiff alleges that defendant's report of defaulted loans to the credit reporting agencies has damaged his credibility and credit rating, causing significant injury. Plaintiff offers no evidence to substantiate his bare allegation that the credit reports were fraudulent or even incorrect. As noted above, the Department of Education was under no obligation to consolidate the loans it had made to plaintiff with loans made by other lenders, there is no evidence that plaintiff made payments on those loans, and defendants have provided business documents showing a default. Having failed to establish any wrongdoing, plaintiff is not entitled to recover from defendant for the injuries caused by his falling credit score.

### (3) Garnishment of 2012 Tax Refund

Plaintiff alleges that defendant's garnishment of his 2012 tax refund was unauthorized because he "was not in default of any student loans." Amended Complaint (Dkt. # 22) at 3.[4] Defendant has provided evidence to the contrary, however, and plaintiff has failed to raise a genuine issue of material fact regarding the existence of a default. To the extent plaintiff alleges that defendant defrauded him of the $680 tax refund, claims based on misrepresentations are excepted from the broad waiver of sovereign immunity provided by the Federal Tort Claims Act. See 28 U.S.C. § 2680(h); Pauley v. U.S. Dep't of Agric., 348 F.3d 1143, 1151 (9th Cir.

---

[3] Because plaintiff's claim under the Higher Education Act of 1965 fails on the merits, the Court declines to decide whether the "sue and be sued" provision constitutes a waiver of sovereign immunity for a claim for monetary damages.

[4] Plaintiff's allegations regarding a violation of 20 U.S.C. § 1095a are unavailing. That section applies to garnishment of wages, which did not occur here.

ORDER GRANTING DEFENDANT'S CROSS
MOTION FOR SUMMARY JUDGMENT           -3-

2003).

In one of his responses to defendant's motion, plaintiff argues that the garnishment process was defective because he did not receive timely notice of the offset. This argument is not asserted in the Amended Complaint, however. Plaintiff's claim regarding the garnishment is based on (a) an allegation that plaintiff was not, in fact, in default or, in the alternative, (b) an argument that defendant deducted a greater percentage of his paycheck than was authorized by law. Dkt. # 22 at ¶¶ 18-19. Plaintiff cannot amend his complaint by raising new arguments in response to a dispositive motion.

**(4) Loans Held by the State of Colorado Collections Department**

Plaintiff seeks an order compelling defendant to consolidate the loans now held by the State of Colorado Collections Department with defendant's loans. No authority for this compelled consolidation is provided and, as discussed above, 20 U.S.C. § 1082(a)(2) precludes any grant of injunctive relief against the Secretary of the Department of Education. Plaintiff's theory seems to be that because defendant was willing to consolidate the loans while plaintiff remained a student at Colorado State University (or would have been willing to consolidate had plaintiff requested consolidation), its refusal to do so after he left the school is arbitrary and capricious in violation of the Fifth and Fourteenth Amendments. Assuming, for purposes of this motion, that plaintiff actually requested a consolidation which defendant denied, plaintiff has not shown that consideration of enrollment status would be arbitrary or capricious, that the requested relief can be afforded in the absence of the State of Colorado Collection Department, or that the United States or its agencies have waived their sovereign immunity for constitutional claims.

**(5) Breach of Duty**

In one of his responses to defendant's motion, plaintiff seeks to "clarify" his fraud claim to avoid the sovereign immunity defense. Plaintiff now argues that his claim is based on a breach of duty, rather than a misrepresentation. Dkt. # 56-1. Even if plaintiff could amend his

ORDER GRANTING DEFENDANT'S CROSS
MOTION FOR SUMMARY JUDGMENT      -4-

complaint in this manner (which he cannot), there are no facts from which one could conclude that the Department of Education owes plaintiff a fiduciary duty and there is no reason to suspect that the duties imposed on a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA") are at all relevant to his claims.

For all of the foregoing reasons, defendant's cross motion for summary judgment (Dkt. # 52) is GRANTED. The Clerk is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 6th day of August, 2014.

Robert S. Lasnik
United States District Judge